No. 882

CLEVELAND RY. CO. v. BLESSING etc.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5773.　Decided May 25, 1925

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

915.　PERSONAL INJURIES—If person injured was guest in automobile and he was free from negligence, recovery not dependable upon speed of machine directly prior to accident; but whether Railway Company was guilty of negligence as charged.

BY THE COURT.

Suit was brought against the Cleveland Railway Co. and Bernard Fisher in the Cuyahoga Common Pleas by Herbert Blessing by his next best friend Mary Blessing, to recover damages for personal injuries received by him while riding in the automobile of Fisher as a guest. Judgment was in favor of Blessing.

The Company instituted error proceedings claiming that the verdict was not supported by sufficient evidence. The Court of Appeals held:

1. The Company's special charge No. 1, was substantially that it must be proved by a preponderance of the evidence that the accident happened as alleged in the petition before plaintiff could recover. The amended petition charged that the accident happened by reason of the concurrent negligence of both Fisher and the Company. This instruction would have required plaintiff to prove the concurrent negligence of both defendants before he could recover, which is clearly erroneous.

2. Company's second special request was that if the allegation that the automobile in which Blessing rode was slowed down to six miles per hour, or less, before it drove on the track, was not sustained by a preponderance of the evidence that the verdict shall be for it.

3. There was no allegation that the machine slowed down to six miles per hour, there was merely testimony to that effect. Since Blessing was a guest, if he was free from negligence his recovery did not depend upon how fast Fisher was driving immediately before the accident; but whether the Company was guilty of negligence as charged.

4. The third request of the company that if Blessing had not sustained his allegation that the headlight on the street car was not burning, that the verdict was to be in its favor, was clearly erroneous. This is in effect charging that notwithstanding the jury might find that the proximate cause of the injury was due to the failure to give warning of the approach of the street car, yet no recovery could be had on that ground.

5. The fourth special request was a combination of the second and third and as each proposition stated separately is erroneous, they do not become free from error by reason of the combination.

Judgment affirmed.

Attorneys—Squire, Sanders & Dempsey for Company; S. V. McMahon and F. W. Zimmerman for Blessing; all of Cleveland.